**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X   Case No.
AMY BORDEAUX,

**COMPLAINT**

Plaintiff,

-against-                                   *PLAINTIFF DEMANDS*
                                            *A TRIAL BY JURY*

HALSTEAD PROPERTY DEVELOPMENT
MARKETING LLC,

Defendant.
---------------------------------------------------------------------X

Plaintiff, AMY BORDEAUX, (hereinafter "Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1.  Plaintiff complains pursuant to **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq.* ("ADA"), the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and the **New York City Human Rights Law**, New York City Administrative Code § 8-107, et seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against on the basis of her disabilities and/or perceived disabilities.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. §12101, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3.  The Court has supplemental jurisdiction over the claims Plaintiff brings under state laws pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district in that a substantial part of the events or omissions giving

rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5. Plaintiff filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated 11/22/2019, concerning the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff AMY BORDEAUX (hereinafter, "Plaintiff") is a resident of the State of New York and was and is a "person" and an "employee" entitled to protection as defined by the federal and state laws invoked herein.

9. At all relevant times herein, Defendant HALSTEAD PROPERTY DEVELOPMENT MARKETING LLC, (hereinafter, "HALSTEAD"), is a domestic business corporation that provides sales and marketing services in the property development industry.

10. At all relevant times herein, Defendant HALSTEAD'S principal place of business is located at 445 Park Avenue, New York, New York 10022.

## MATERIAL FACTS

11. Plaintiff began working at Defendant HALSTEAD'S place of business in August 2018, as an administrative assistant through an employment agency. She earned an hourly rate of seventeen dollars ($17.00) in that role.

12. Plaintiff was then formally hired by Defendant HALSTEAD in December of 2018, as a

Sales Coordinator, making an hourly rate of $23.00.

13. Plaintiff was employed by Defendant from December 2018, to May 30, 2019.

14. At first, Plaintiff was working at Defendant's on-site Condominiums located at 2351 Adam Clayton Powell, New York, New York 10030. Afterwards, Plaintiff worked at Defendant's principal place of business at 445 Park Avenue, New York, New York 10022.

15. Plaintiff's job duties as a Sales Coordinator were to receive and record sales orders, maintain friendly relationships with customers and promote Defendant's products.

16. Plaintiff has always been a satisfactory employee and is otherwise qualified to perform the duties of her employment.

17. Plaintiff suffers from disabilities that are actual or perceived under all relevant statutes.

18. Plaintiff has suffered and continues to suffer from depression and anxiety since 2015.

19. Plaintiff continues to receive medical care for her emotional and mental health from her medical providers. She has been taking medication and seeking psychiatric treatment since 2015.

20. In December 2018, Plaintiff began to be subjected to derogatory comments from her employer about her depression.

21. Plaintiff was experiencing a bout of depression in December 2018 when Defendant HALSTEAD'S Managing Director, Jeff Krantz, approached Plaintiff and asked her what was wrong, as she appeared to be having a bad day. Plaintiff responded that she is having a terrible birthday. Mr. Krantz commented that Plaintiff needed to be happier because he can't have people working for him that aren't happy.

22. On or about April 2019, Plaintiff put Defendant on notice of her disabilities. Plaintiff told her supervisor, Kristin Krantz, that she was diagnosed with depression and panic attacks, and also that she had her medication changed by her doctor. Mrs. Krantz acknowledged Plaintiff's disability and responded that depressions are hard.

23. Later in April 2018, Plaintiff sought a performance review from her supervisor, Vanessa Connelly. During this review, Plaintiff informed Ms. Connelly that she felt lonely in the office because, unlike other staff members, she was required to be in the office at all times, which made her feel isolated. She also requested a transfer. Ms. Connelly responded that it was her job to be in the office at all times, and also that she did not have anywhere to transfer Plaintiff to.

24. Plaintiff's work environment changed for the worst following her request to be transferred. Plaintiff sensed she was being retaliated against because Plaintiff's coworkers felt Plaintiff ratted them out for not being in the office as often as she was.

25. In May 2019, one of Plaintiff's social media posts was reported to her employer. In the post, Plaintiff expressed that she was over life, and that she was unhappy about returning from Paris. Plaintiff's employer called her the same night about her social media posting to ask her if she was okay.

26. On or about May 30, 2019, Defendant informed Plaintiff that she was being terminated.

27. Plaintiff felt embarrassed and humiliated. Her depression and anxiety worsened following her termination.

28. Plaintiff continues to suffer from severe depression, anxiety and panic attacks. She rarely leaves her house. She has trouble sleeping. Plaintiff's eating habits have changed for the

worse. She experiences horrifying vivid dreams, and she has isolated herself from everyone but close family.

29. Plaintiff's confidence and self-esteem have also been severely impacted by Defendant's unlawful actions.

30. Plaintiff took her termination as Defendant discriminating and retaliating against her based on her disabilities and/or perceived disabilities.

31. Defendant condoned, ratified, and supported the discriminatory work environment against Plaintiff.

32. Defendant had no good faith business justification for terminating Plaintiff's employment.

33. Upon information and belief, Defendant did not have any written procedures or protocols regarding disability discrimination or retaliation in the workplace to which Plaintiff could refer.

34. As a direct result of the wrongful and oppressive actions of Defendant, Plaintiff was subjected to unlawful discrimination, humiliated, and she experienced a hostile work environment causing her embarrassment, discriminatory ridicule, and hostility.

35. As a result of Defendant's actions, Plaintiff was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

39. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages against Defendant.

## AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Plaintiff asserts that Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended.

42. The ADA prohibits discrimination against any qualified individual on the basis of disability, the perception that she is disabled, or a record of impairment.

43. Additionally, the ADA requires a covered entity to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

44. As described above, Defendants discriminated against Plaintiff in violation of the ADA by failing to accommodate her disability.

45. Plaintiff had, and/or Defendant perceived that she had, a physical or mental impairment that substantially limits one or more of her major life activities.

46. As a result of Defendant's unlawful discriminatory conduct in violation of the ADA,

Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, worsened depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

47. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *SECOND* CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. The ADA prohibits retaliation, interference, coercion, or intimidation against employee, who engages in protected activity.

50. 42 U.S.C. § 12203 provides:

> Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under the chapter.
>
> Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the chapter.

51. Defendant violated the section as set forth herein.

52. Plaintiff engaged in protected activity on or about April 2019 by informing Defendant of her disabilities.

7

53. This protected activity should put Defendant on notice that reasonable accommodation should be made for Plaintiff.

54. However, Defendant were aware and failed to provide reasonable accommodation to Plaintiff.

55. As a result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, worsened depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

56. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *THIRD* CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, *disability*, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Plaintiff was subjected to discriminatory treatment and adverse employment actions.

60. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will

continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

### AS AN *FOURTH* CAUSE OF ACTION FOR RETALIATION
### UNDER NEW YORK STATE EXECUTIVE LAW

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

63. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering and other non-pecuniary losses.

64. Plaintiff is entitled to the maximum amount allowed under this statute/law.

### AS A *FIFTH* CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. The Administrative Code of the City of New York § 8-107(1) provides that "It shall be an

unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived . . . disability,. . . sexual orientation… of any person, **to** employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions and otherwise discriminating against Plaintiff because of her gender and race.

### AS AN *SIXTH* CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK ADMINISTRATIVE CODE
(*Against All Defendants Collectively and Individually*)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

70. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

### PUNITIVE DAMAGES

71. Plaintiff is entitled to the maximum amount allowed under this statute/law.

72. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

73. As such, punitive damages are appropriate as a result of Defendant's above-described

conduct. Plaintiff demands Punitive Damages against Defendant.

## JURY DEMAND

74. Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law, in that Defendant discriminated against Plaintiff based on her disability, perceived disability and need for reasonable accommodation;

B. Awarding damages to Plaintiff resulting from Defendant's unlawful employment practices, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages related to injuries suffered as per Plaintiff's State-law claims;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
February 14, 2020

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By:     /s/ Marjorie Mesidor
Marjorie Mesidor, Esq.
Irene Chan, Esq.
*Attorneys for Plaintiff*
**Phillips & Associates, PLLC**
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
mmesidor@tpglaws.com
ichan@tpglaws.com

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Amy Bordeaux<br>47 Delamere Street<br>Huntington, NY 11743 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

RECEIVED NOV 25 2019

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2020-00565 | Loresa A. Lockett,<br>Investigator | (929) 506-5287 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

11-22-2019
*(Date Mailed)*

Enclosures(s)

cc:
Attn
Director of Human Resources
HALSTEAD PROPERTY DEVELOPMENT MARKETING
445 Park Avenue
New York, NY 10022

Marjorie Mesidor, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006