UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY BORDEAUX,                                          :      20-CV-1347 (LJL) (RWL)
                                                       :
                        Plaintiff,                     :      **ORDER**
                                                       :
         - against -                                   :
                                                       :
HALSTEAD PROPERTY DEVELOPMENT                          :
MARKETING LLC,                                         :
                                                       :
                        Defendant.                     :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order resolves the discovery issues raised at Dkt. 21 and 22, which have been referred to me for resolution.

1. **Plaintiff's motion to compel production of a 30(b)(6) witness.** This motion is granted, and Defendant's cross-motion for a protective order is denied. Producing documents does not excuse designation of a 30(b)(6) witness. The purpose of that rule is to have a witness who can speak on behalf of and bind the corporate entity, not merely the individual deponent. Defendant of course may designate the individual witnesses scheduled to be deposed to testify in both an individual capacity and a 30(b)(6) capacity, whether or not the deponent is a current employee. Alternatively, Defendant may designate a current employee. As to the topics identified, they are straightforward and appropriate. However, the following modifications should be made: Topics 1-5 shall be limited to policies and procedures in effect during Plaintiff's employment, and Topic 6 shall be limited to discussions about Plaintiff's employment. Contrary to Defendant's assertion, there may be information responsive to the topics that is not protected by attorney-client privilege. To the extent Defendant designates a 30(b)(6) witness other than the witnesses

1

scheduled to be deposed in their individual capacity, that deposition shall be limited to 3 hours.

2. **Defendant's motion to compel and preclude as to Plaintiff's interrogatory responses.** This motion is granted in part and denied in part without prejudice. Based on Defendant's requested relief, the Court will address only interrogatories 10-12 and 17-20. The Court deems the answers to other interrogatories to be adequately answered. As Defendant correctly observes, Plaintiff's objection to the interrogatories as outside the scope of Local Civil Rule 33.3 is not well-founded given the fact that the scheduling order (Dkt. 15) expressly permits contention interrogatories to be served during the regular course of discovery. It is irrelevant that Defendant did or did not designate them as such. That said, some of the interrogatories request information that may only be learned from deposing Defendant's witnesses, particularly Nos. 10, 11, 12, 14, 17, 20. Plaintiff shall supplement those answers within ten days of the close of fact discovery. As for Nos. 18 and 19, Plaintiff asserts that she fully answered these questions at her recent deposition. Within fourteen days of receiving the deposition transcript, Plaintiff shall identify the page and line numbers of her deposition that answer interrogatories 18 and 19, and Plaintiff shall be limited to those answers as responses to interrogatories 18 and 19. Additionally, Plaintiff shall provide a sworn verification to her answers to all interrogatories.

3. Each party's request for reasonable expenses is denied given the qualified and limited nature of the relief granted and because awarding expenses in the current circumstances would be unjust.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2021
　　　　New York, New York

Copies transmitted this date to all counsel of record.