```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
AMY BORDEAUX,                                                    :
                                                                 :
                              Plaintiff,                         :
                                                                 :
            -v-                                                  :
                                                                 :
HALSTEAD PROPERTY DEVELOPMENT                                    :
MARKETING LLC,                                                   :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2021

20-cv-1347 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant Halstead Property Development Marketing, LLC ("Halstead") moves, pursuant to Federal Rule of Civil Procedure 37, for an order compelling Plaintiff Amy Bordeaux to produce two items of discovery requested by Halstead: (1) a 100-page journal describing Bordeaux's "mental state"; and (2) social media postings regarding her claimed emotional condition and damages. Dkt. No. 28. Plaintiff is a former administrative employee claiming mental disability discrimination.

Defendant's document request No. 35 sought: "Plaintiff's diaries, journal and other writings concerning her emotional state during the period since September 2018." Dkt. No. 28 at 1. Plaintiff did not object to the request or seek a protective order but produced 14 pages of her journal created at the time of the first response to the request for documents. Defendant argues that the response was incomplete noting Plaintiff's deposition testimony that her diary includes many more pages describing her mental state on the days she described and her "moods and reactions to things in life and thoughts about life." *Id*. at 2. Plaintiff responds that she produced all of the responsive pages of the diary that had been generated as of the date of Defendant's

document request.  Dkt. No. 30.  Neither party has submitted the actual document request to the Court.  Plaintiff has waived any objection to the request.  *See* Fed. R. Civ. P. 37(b)(2)(B) (response to document request must state any objection with specificity); Fed. R. Civ. P. 37(b)(2)(C) (an objection must state whether responsive materials are being withheld on the basis of that objection); *see also UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (quoting *Smith v. Conway Organization, Inc.*, 154 F.R.D. 73 (S.D.N.Y. 1994)); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.")

As worded, however, while Plaintiff was under a continuing duty to produce any diaries generated up to the date of her first response to the document request—even if those diaries were discovered or came into her possession after her first response—she was not under a duty to produce writings generated after the date of her first response to the document request.  The parties dispute whether Plaintiff has complied with the request even to that extent.  However, it appears that some of the pages were generated as far back as the summer of 2020.  Dkt. No. 29.  Accordingly, it is ORDERED that Plaintiff produce all pages of her diary and any other writings concerning her emotional state from September 2018 to the date of her first response to the document request.  This should include any pages describing her mental state on the days she described and her moods and reactions to things in life and thoughts about life.

Defendant's Document Request No. 32 sought: "Plaintiff's social media . . . postings from September 2018 to the present . . . to the extent that it may reflect Ms. Bordeaux's

emotional or mental state, her physical and mental condition, activity level, employment, this litigation, and the injuries and damages claimed." Dkt. No. 28 at 3.  Once again, Plaintiff made no objection to the request and produced a handful of video clips.  Plaintiff states that she has produced all social media content concerning her emotional distress, her employment with Defendant, and her trip to France.  Dkt. No. 30 at 4.  She states that she has followed the approach of the court in *Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112 (E.D.N.Y. 2013) and produced postings that contain "specific references to the emotional distress she claims she suffered or treatment she received in connection with the incidents underlying" her complaint or that "refer to alternative potential stressor[s]." *Id.* at 116.  *Giacchetto* arose in a different context—where there was an objection to discovery.  There was no objection here.  The issue arises only after Plaintiff's deposition and on the eve of the close of discovery.  The time to have raised any objection was in Plaintiff's response to the request.  Accordingly, it is ORDERED that Plaintiff produce all social media postings from September 2018 to the date of her first response to the document request that *refer* to Ms. Bordeaux's emotional or mental state, her physical and mental condition, employment, this litigation, and the injuries and damages claimed.  To the extent that the request calls for postings that would be responsive only because they refer or relate to Ms. Bordeaux's activity level, those postings need not be produced.

To the extent that the documents ordered to be produced implicate Ms. Bordeaux's privacy interest, the parties may apply to the Court for a protective order.  Plaintiff shall comply with this order by March 12, 2021.

Each party also seeks an award of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5).  Those requests are denied.  Each party had substantial justification for the

position it was taking on this dispute.

    SO ORDERED.

Dated: March 4, 2021
       New York, New York                       LEWIS J. LIMAN
                                            United States District Judge